1  Todd M. Friedman (216752)
   Law Offices of Todd M. Friedman, P.C.
2  21550 Oxnard St., Suite 780
3  Woodland Hills, CA 91367
   Phone: 877 206-4741
4  Fax: 866 633-0228
5  tfriedman@toddflaw.com
   Attorney for Plaintiff

6  **UNITED STATES DISTRICT COURT**
7  **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 8  **RYAN ODUM,** | Case No.: |
| 9       Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| 10      v. | |
| 11 **PERSOLVE, LLC,** | I.   **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** |
| 12      Defendant. | |
| 13 | II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;** |
| 14 | |
| 15 | |
| 16 | III. **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.; AND,** |
| 17 | |
| 18 | |
| 19 | IV.  **VIOLATION OF CAL. BUS. & PROF. CODE §17200** |
| 20 | |
| 21 | **JURY TRIAL DEMANDED** |
| 22 | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. RYAN ODUM ("Plaintiff"), by Plaintiff's attorneys, brings this action on behalf of himself to challenge the actions of PERSOLVE, LLC ("Defendant") with regard to attempts by Defendant, a debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint

alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1682k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (iii) California Civil Code §§ 1798-92, et seq.; (iv) and California Business and Professions Code §§ 17200, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the City of Sherman Oaks, County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or

alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal Civ Code §1788.2(h).

14. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

15. Defendant is a Limited Liability Company established pursuant to the laws of State of Delaware with its principal place of business in Northridge, California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of others, engages in "debt collection" and is therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6) and RFDCPA, Cal Civ Code §1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5) and a "consumer debt," as defined by Cal Civ Code §1788.2(f).

18. Defendant is a "claimant" as that term is defined by California Civil Code § 1798.92(a).

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff is an individual residing within the State of California.

20. In or around January 10, 2017, Plaintiff received a letter from Defendant indicating that a judgement was entered against him in the amount of $4,232.29.

21. Defendant alleges that Plaintiff now owes $7,759.24.

22. However, Plaintiff was never served in the case described above, even though a proof of service was issued, indicating that Plaintiff was served.

23. Thereafter, Plaintiff filed a police report claiming allegations of identity fraud with the Los Angeles Police Department.

24. Defendant's continued attempts to knowingly collect this alleged debt from Plaintiff via written communications constitutes a violation of 15 U.S.C. § 1692e since Defendant used false, deceptive and misleading representations in connection with the collection of the alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

25. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and legal status of the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

26. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in order to collect the alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not permitted by law from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant also has violated Cal. Civ. Code § 1788.17.

29. Since Defendant's collection attempts, Plaintiff has retained counsel.

30. Thus, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendants has violated 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(8); 1692e(10); 1692f; and, 1692f(1). In addition, Defendant also violated Cal. Civ. Code §§ 1788.11(b); 1788.11(c); and, 1788.17.

31. These repeated and continuous violations have caused Plaintiff unnecessary stress and anxiety.

32. In addition, Defendants' continued illegal collection actions after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

33. Plaintiff alleges on information and belief that such conduct constitutes unfair and deceptive business practices in violation of California Civil Code Section 17200.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

39. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## COUNT III

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

42. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT IV

### VIOLATIONS OF CAL. CIV. CODE § 17200 ET SEQ.

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant engaged in unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, rising to unfair and deceptive business practices, in violation of California *Business and Professions Code* §17200 and the Unfair and Deceptive Acts and Practices statutes

45. To the extent that Defendant's actions, counted above, violated the CBPC, those

actions were done knowingly and willfully.

46. As a result of the above violations of the CBPC, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against Defendant.
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant;
- special, general, compensatory and punitive damages;
- treble damages pursuant to Cal. Civ. Code § 3345;
- Injunctive and declaratory relief; and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | |
|---|---|
| Dated: January 30, 2017 | Respectfully submitted, |

                                                        The Law Offices of Todd M. Friedman, PC

                                                        By: s/ Todd M. Friedman
                                                           TODD M. FRIEDMAN, ESQ.
                                                           ATTORNEY FOR PLAINTIFF